**UNITED STATES of America**

v.

**Judy H. NIPPER.**

**No. Crim. 00–50066–02.**

United States District Court, W.D. Louisiana.

Feb. 26, 2002.

Sonia Peters Cassidy, Robert A. Thrall, C. Mignonne Griffing, Cristina Walker, Ross Stewart Owen, U.S. Attorney's Office, Shreveport, LA, for U.S.

Peter Reichman Flowers, Shreveport, LA, for Judy H. Nipper.

Judy Helen Taylor Nipper, Shreveport, LA, Pro se.

### RULING

LITTLE, Chief Judge.

Before this court is defendant Judy H. Nipper's ("Nipper") Motion for Disclosure of Grounds for Determination that 18 U.S.C. § 1119(c)(2) Exclusion Does Not Apply ("Motion for Disclosure") [Doc. No. 318]. The United States (the "Government") opposes the motion. For the reasons set forth below, the Motion for Disclosure is DENIED.

### I.

In January 2000, Sheila Webb ("Webb"), a national of the United States, was killed in Haiti. On or about 9 February 2001, a Superseding Indictment (the "Indictment") was filed against Nipper and Curtis Wharton ("Wharton") indicting them for, *inter alia,* Webb's murder. Count One of the Indictment states that Nipper and Wharton, both nationals of the United States, killed Webb while Wharton and Webb were in Haiti. In Count One, Nipper is charged with foreign murder of a United States national, in violation of 18 U.S.C. sec. 1119 ("Section 1119"). This charge carries a penalty of life imprisonment without parole.

### II.

#### Motion for Disclosure

Nipper contends that the Government failed to comply with the statutory prerequisites to prosecuting her for a vio-

lation of Section 1119. The prerequisites at issue are contained in 18 U.S.C. sec. 1119(c)(2) ("Section 1119(c)(2)") which provides:

> No prosecution shall be approved under this section unless the Attorney General, in consultation with the Secretary of State, determines that the conduct took place in a country in which the person is no longer present, and the country lacks the ability to lawfully secure the person's return. A determination by the Attorney General under this paragraph is not subject to judicial review.

18 U.S.C. § 1119(c)(2). Thus, before a person may be prosecuted pursuant to Section 1119, the Attorney General must decide that the prerequisites contained in Section 1119(c)(2) are met. With the instant motion, Nipper seeks an Order from this court directing the Government to provide a clear and concise statement of all information relevant to the applicability of the statutory exclusion (or prerequisites) contained in Section 1119(c)(2).

### A. Disclosure For "Good Cause"

Nipper argues that "good cause" justifies disclosure from the Government. Using legislative history as her cornerstone, she concludes that Section 1119 applies exclusively to countries that do not have an extradition treaty with the United States. In other words, only a country without an extradition treaty "lacks the ability to lawfully secure the person's return" as required by Section 1119(c)(2). Because Webb was killed in Haiti, and Haiti has a valid extradition treaty with the United States, Nipper doubts that the prerequisites contained in Section 1119(c)(2) are properly satisfied. *See generally* 18 U.S.C. § 3196 (providing for the extradition of United States citizens).

*United States v. White,* 51 F.Supp.2d 1008 (E.D.Cal.1997), appears to be the only published decision discussing Section 1119(c)(2). In *White,* the defendant moved to dismiss her indictment on grounds that, *inter alia,* the government failed to comply with the statutory prerequisites to prosecution under Section 1119. *Id.* at 1010. The defendant, a resident of Japan during the relevant period, claimed the government could not reasonably conclude that Japan lacked the ability to return her to the United States, because an extradition treaty existed between the two countries. *Id.* at 1012. Therefore, she argued, the prerequisites contained in Section 1119(c)(2) could not be satisfied and prosecution pursuant to Section 1119 was improper. *Id.*

Highlighting the clear and unambiguous language of Section 1119(c)(2) that insulates the Attorney General's decision to prosecute from judicial review, the court in *White* stated the following:

> The judgment of Congress to insulate the determination from judicial review is consistent with the general proposition that "so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute ... generally rests entirely in his discretion."

*Id.* (quoting *Bordenkircher v. Hayes,* 434 U.S. 357, 364, 98 S.Ct. 663, 668, 54 L.Ed.2d 604 (1978)). Consistent with Congress' choice to repose the decision to prosecute with the Attorney General, the court in *White* specifically declined to review the Attorney General's decision. *Id.*

There may be several arguments one may employ to question the reasonableness of the Attorney General's determinations in this case. For instance, Section 1119(c)(2) requires the Attorney General to determine that the conduct at issue took place in a country in which the person is "no longer" present. The record indicates that Nipper was *never* physically present in Haiti. Instead, it appears that she re-

mained within the boarders of the United States throughout the relevant period. Nonetheless, courts have long recognized that one may have a "constructive presence" at a location through actions or the actions of co-conspirators. *See, e.g., Hyde v. United States,* 225 U.S. 347, 363–64, 32 S.Ct. 793, 800–01, 56 L.Ed. 1114 (1912) (discussing "constructive presence"). Whatever the rationale for the Attorney General's decision, it is not subject to the scrutiny of this court.[1]

■ When applying criminal laws, courts must follow the plain and unambiguous meaning of the statute. *See Garcia v. United States,* 469 U.S. 70, 75, 105 S.Ct. 479, 482, 83 L.Ed.2d 472 (1984). Only the most extraordinary showing of contrary intentions in the legislative history justifies departure from the language. *See id.* Such is not the case here, as Nipper provides no legislative history indicating that Congress intended judicial review of the Attorney General's decisions upon a showing of "good cause." Accordingly, this court may not disregard the language enacted by the legislature.

### B. Disclosure as "Brady Material"

■ As supplemental support for her motion, Nipper argues that disclosure is proper under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and its progeny. In short, Nipper claims that because Section 1119(c)(2) operates as an "absolute bar" to prosecution, any information indicating a failure to satisfy Section 1119(c)(2) is exculpatory. For the reasons set forth below, Nipper's argument is dismissed as sophistry.[2]

■ Nipper characterizes material that "tends to indicate that [Section 1119(c)(2)] does not apply" as exculpatory. Information is not "exculpatory" simply because it belies the Attorney General's determination that Section 1119(c)(2) is met. Exculpatory "Brady material" must relate to guilt or punishment. *See Brady,* 373 U.S. at 87, 83 S.Ct. at 1197. The information sought by Nipper relates to the decision to prosecute—a collateral issue that falls squarely within the ambit of prosecutorial discretion. *See generally United States v. Blackley,* 986 F.Supp. 600, 603 (D.D.C. 1997) (refusing to compel disclosure under *Brady* of materials concerning decision to prosecute).[3]

### III.

For the foregoing reasons, Nipper's Motion for Disclosure is DENIED.

### *JUDGMENT*

For the foregoing reasons, Nipper's Motion for Disclosure [Doc. No. 318] is DENIED.

1. It should be noted that, after reviewing Nipper's motion, this court views Nipper's request for "disclosure," rather than "judicial review," as a subterfuge. As such, in this case, the court sees no material distinction between these two forms of relief.

2. The court also notes that Nipper's motion, as drafted, appears to call for material clearly not subject to disclosure. *See* Fed.R.Crim.

16(a)(2) (listing types of information not subject to disclosure).

3. This ruling relates to information that Nipper characterizes as "exculpatory" simply because it evidences a failure to satisfy Section 1119(c)(2). The court's ruling today does not alter the Government's existing duty to disclose other exculpatory information.